J-S27045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL BUTLER | : | |
| | : | |
| Appellant | : | No. 314 EDA 2020 |

Appeal from the PCRA Order Entered December 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0722891-1990

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 22, 2020**

Appellant Nathaniel Butler appeals *pro se* from the Order entered in the Court of Common Pleas of Philadelphia County on December 2, 2019, dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On September 20, 1991, a jury convicted Appellant of First Degree Murder, Criminal Conspiracy and related crimes.  On March 26, 1992, the trial court imposed a sentence of life imprisonment for First-Degree Murder followed by an aggregate term of five (5) to twenty (20) years' incarceration

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

for the other convictions. Appellant was nineteen (19) years old at the time he committed the crimes.[2]

Appellant filed a direct appeal, and this Court denied the same on November 23, 1993. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 6, 1994. Appellant did not seek certiorari with the United States Supreme Court; therefore, Appellant's judgment of sentence became final on or about July 6, 1994, ninety days after the expiration of the time for seeking discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"); *see also* 42 Pa.C.S.A. § 9545(b)(3).

On January 6, 1998, Appellant filed his first PCRA petition which was dismissed as untimely on June 25, 1998. On August 21, 2012, Appellant filed his second PCRA petition wherein he claimed that the imposition of a sentence of life in prison without parole violated his Eighth and Fourteenth Amendment rights against cruel and unusual punishment. On December 21, 2015, the PCRA court dismissed this petition.

---

[2]The record reveals Appellant was arrested on June 6, 1990, and his date of birth is October 18, 1970. Appellant acknowledges he was nineteen years old at the time of the crimes. Brief for Appellant at 8.

- 2 -

J-S27045-20

On March 28, 2016, Appellant filed the instant PCRA petition *pro se* wherein he raised a claim that his sentence is illegal as applied to defendants who were under the age of twenty–five at the time their crimes were committed under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012),[3] **Montgomery v. Louisiana**, ––– U.S. ––––, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016)[4] and **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[5]  On September 20, 2019, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. Appellant filed a timely *pro se* Response on October 2, 2019.   On December 2, 2019, after considering Appellant's Response, the PCRA court dismissed Appellant's Petition as untimely. This *pro se* appeal followed.

---

[3] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. **Miller**, 567 U.S. at 470, 132 S.Ct. 2455.

[4] In **Montgomery**, the U.S. Supreme Court held that its decision in **Miller** applies retroactively. **Montgomery**, 136 S.Ct. at 732.

[5] In **Alleyne,** the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Alleyne**, 570 U.S. at 112-13, 133 S.Ct. 2151.

J-S27045-20

Although Appellant does not include a statement of questions involved section in his appellate brief,[6] he divides his argument into two parts each of which is preceded by the following headings:

> Petitioner asserts that his sentence of mandatory life-without-parole is a disproportionate punishment for youth homicide offenders under the age of 25 as it is violative of the Eighth Amendments prohibition on cruel and unusual punishment

> Argument #2

> Permission to present newly recognized right by the United States Supreme Court concerning retroactivity being applicable to new substantive rules of constitutional law asserted within Montgomery v. Louisiana by way of presenting Alleyne claim.

Appellant's Brief at 1-2 (unnecessary capitalization omitted).

This Court reviews the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 624 Pa. 446, 86 A.3d 795, 803 (Pa. 2014). We grant great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the

---

[6] We note this failure in violation of Pa.R.A.P. 2116 which mandates that "the statement of questions involved must state concisely the issues to be resolved. . . [n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby" and of Pa.R.A.P. 2119(a), which provides that "[t]he argument shall be divided into as many parts as there are questions to be argued." However, because our appellate review is not hampered by Appellant's failure to strictly comply with the Rules of Appellate Procedure, we will address his claims raised in his brief.

- 4 -

court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. ***See*** 42 Pa.C.S.A. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant Petition, filed more than twenty-five years after his judgment of sentence became final, is patently untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[5]

In the matter *sub judice*, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his sentence is illegal based on newly recognized constitutional rights under both ***Alleyne*** and ***Miller***, which, he argues, are both retroactive in their application pursuant to ***Montgomery***. ***See*** Appellant's Brief at 2-3; 42 Pa.C.S.A. § 9545(b)(1)(iii).

As long as this Court has jurisdiction over a matter, a legality of sentence issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa.Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See***

42 Pa.C.S.A. § 9545(b); *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Appellant filed the instant PCRA Petition on March 25, 2016, which was within 60 days of the issuance of the *Montgomery* decision (decided January 25, 2016).[7]

To support his *Alleyne* challenge, Appellant erroneously argues that *Alleyne* announced a new substantive rule made retroactive by *Montgomery*. However, the Pennsylvania Supreme Court has concluded that the constitutional rule announced in *Alleyne* is procedural, not substantive, and unequivocally held that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 636 Pa. 301, 142 A.3d 810, 818-20 (2016). Accordingly, Appellant's reliance on *Montgomery* is misplaced and his *Alleyne* claim does not fall under the Section § 9545(b)(1)(iii) timeliness exceptions.

Appellant's *Miller* claim also fails. Appellant correctly asserts that the holding in *Montgomery* is that the rule announced in *Miller*, *supra*, holding juveniles cannot automatically be sentenced to life in prison without parole, is substantive for purposes of retroactivity. However, because Appellant was

---

[7] Effective December 24, 2018, Section 9545(b)(2) now provides that "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented."

nineteen years old at the time he committed the instant, *Miller* is inapplicable. *See Commonwealth v. Lee*, 206 A.3d 1, 9 (Pa.Super. 2019) (*en banc*) (holding that appellant, who was over the age of eighteen at the time of offense, could not invoke *Miller* to overcome the PCRA time-bar); *Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa.Super. 2014) (stating that the holding in *Miller* is limited to those offenders who were juveniles at the time they committed their crimes).

Further, this Court previously has refused to render relief on the brain science argument that Appellant raises in his PCRA Petition. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (rejecting the nineteen year old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes). In *Lee*, this Court recognized that the principles and science underlying the *Miller* holding are not limited to juveniles, but also extend to young adults. *See Lee*, *supra* at 10. Nonetheless, we indicated that questions of who qualifies as a juvenile and whether *Miller* should apply to immature people who were over eighteen when they committed their murders "are better characterized as questions on the merits, not as preliminary jurisdictional questions under section 9545(b)(1)(iii)." *Id*. While acknowledging the compelling nature of the argument that the rationale behind the *Miller* decision may apply to people beyond the age of majority, this Court found it "untenable to extend *Miller* to

one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii)." *Id*.

In light of the foregoing, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S.A. § 9545(b)(1), and the PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings, and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20